UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| JONAS WILLIAMS | |
|---|---|
| | CIVIL ACTION |
| VERSUS | |
| | NO. 17-453-JWD-EWD |
| THE STATE OF LOUISIANA AND THE BOARD OF PAROLE OF THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | |

## RULING AND ORDER

This matter comes before the Court on a *Rule 12(b)(6) Motion to Dismiss* (Doc. 39) filed by Defendants, Department of Public Safety and Corrections Secretary James LeBlanc ("Leblanc"), Department of Public Safety and Corrections Deputy Secretary Col. Kevin Reeves ("Reeves"), and Louisiana Board of Parole Chairman Sheryl Rantaza ("Rantaza") (collectively referred to as "State Defendants"). Plaintiff Jonas Williams ("Plaintiff" or "Williams") has filed an *Opposition.* (Doc. 41.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, the Defendants' motion is granted.

### I. Relevant Factual and Procedural Background

This removed action arises out of the Defendants' alleged denial of Plaintiff's due process rights by automatically revoking his parole without providing him a hearing beforehand. (*See* Doc. 38 "Second Amended Petition.")[1] Plaintiff claims that the Defendants, including the State of Louisiana and the Board of Parole of the Department of Public Safety and Corrections ("DPSC"),

---

[1] Plaintiff's allegations are taken from his most-recently filed *Petition,* or his *Second Amended Petition*. The Court has noted that the allegations in Plaintiff's *Second Amended Petition* are extremely similar and identical, in some instances, to those previously plead in earlier *Petitions*. (Doc. 42, p. 2, n. 4; *see* Docs. 1-2 and 1-3.)

"are jointly, severally, and solidarily indebted unto [him] for all just and equitable relief, including but not limited to damages[.]" (Doc. 38, ¶5.)

The facts alleged by Williams indicate that he was arrested on November 3, 2008 in Texas on a charge of "Evade Arrest w/Motor Vehicle," to which he subsequently plead guilty and was sentenced to one year in jail. (Doc. 38, ¶6.) Although Williams' sentence was discharged on April 3, 2009, he remained in custody in Texas pending his transfer back to Louisiana. (Doc. 38, ¶7.) On October 8, 2009, Williams was returned to the custody of DPSC "based on a parole violation." (Doc. 38, ¶8.) Williams alleges he did not receive a final parole revocation hearing from the DPSC, to which he appealed to the Louisiana First Circuit Court of Appeal. (Doc. 38, ¶9.) On appeal the First Circuit "held that the record did not support a finding that plaintiff's parole was properly revoked pursuant to La. R.S. 15:574.10, a final parole revocation hearing [was] required and remanded the case for further proceedings." (Doc. 38, ¶9.) On remand, the 19th Judicial District Court "found that plaintiff's revocation proceedings did not afford petitioner due process and reversed petitioner's parole revocation decision." (Doc. 38, ¶10.) Subsequently, on May 3, 2012, "the Louisiana Parole Board voted to discharge plaintiff," and Williams was released on May 29, 2012. (Doc. 38, ¶11.)

On April 29, 2013, Plaintiff filed a *Petition* in the 19th Judicial District Court against the State of Louisiana and the DPSC, Office of Probation and Parole. (Doc. 1-2.) Williams sought to recover damages from the Defendants for loss of income in the amount of $156,384.20 pursuant to La. R.S. § 15:574.10 due to the revocation of his parole. (Doc. 1-2, ¶¶13-14.) [2] On June 16, 2017, Plaintiff filed his *First Supplemental and Amending Petition* in this Court in which he deleted his request for damages under La. R.S. § 15:574.10 and asserted a 42 U.S.C. § 1983 due

---

[2] Plaintiff claimed he was owed this amount for his 37 months of incarceration. (Doc. 1-2, pp.6-7, ¶¶13-14.)

2

process claim for damages against the State and the DPSC, Office of Probation and Parole. (Doc. 1-3, ¶¶ IV-V.)

On July 14, 2017, the State of Louisiana, through the DPSC, Office of Probation and Parole, removed Plaintiff's lawsuit to federal court. (Doc. 1.) Shortly thereafter, the State of Louisiana through the DPSC, Office of Probation and Parole, filed a *Motion to Dismiss* Plaintiff's claims for monetary damages under 42 U.S.C. § 1983. (Doc. 6.) On October 18, 2017, the Court granted the *Motion*, resulting in the dismissal of said claims with prejudice, but gave Williams the opportunity to "amend his petitions to assert a claim against these Defendants or others, if he can do so." (Doc. 11 "Ruling and Order.") In response to the Court's directive, Williams filed a *Second Amended Petition* in which he has asserted 42 U.S.C. § 1983 due process claims, state law tort claims (La. Civ. Code arts. 2315 and 2320), and state law constitutional claims (Article I §§ 2 and 20) against the State of Louisiana; DPSC, Office of Probation and Parole; James M. LeBlanc, in his official capacity as the Secretary of the Louisiana DPSC; Colonel Kevin W. Reeves, in his official capacity Deputy Secretary of the Louisiana DPSC; and Sheryl M. Rantaza, Chairman of the Committee on Parole, in her official and individual capacities. (Doc. 38.)[3] Williams seeks to recover compensatory damages under both federal and state law. (Doc. 38, ¶¶13-15.) Plaintiff further contends that the Defendants are not entitled to Eleventh Amendment Immunity because the State removed the matter to federal court. (Doc. 38, ¶¶ 14-15.)

In response to Plaintiff's *Second Amended Petition*, Defendants Leblanc, Reeves, and Rantaza filed a *Rule 12(b)(6) Motion to Dismiss* Williams' state law claims asserting Defendants have absolute immunity. (Doc. 33.) This Court granted and dismissed with prejudice all state law

---

[3] On November 15, 2017, Plaintiff had filed his original *Second Amended Petition*. (Doc. 17.) However, the Court subsequently ordered Plaintiff to "re-file the Second Amended Complaint as one single, self-contained document that contains all of the allegations against the Defendants." (Doc. 37.) Plaintiff complied by re-filing his *Second Amended Petition* on May 18, 2018. (Doc. 38.)

3

claims against Rantaza in her individual capacity but denied Defendants' *Motion* as it pertains to the state law claims in Defendants' official capacity. (Doc. 42.)

The instant *Motion* was filed by State Defendants on May 21, 2018 and seeks dismissal of the claims against Defendants' for two reasons. (Doc. 39.) First, Defendants' allege the 42 U.S.C. § 1983 claims against them in their official capacity must be dismissed because the State is not a "person" under § 1983. (Doc. 39-1 at 5.) Second, Defendants' contend that Rantaza, in her individual capacity, is entitled to both qualified and absolute immunity. (Doc. 39-1 at 5-9.) In response, Williams contends that the claims against Defendants' in their official capacity are not barred by Eleventh Amendment Immunity because Defendants waived their sovereign immunity by removing the case to federal court. (Doc. 41 at 3-4.) Further, Williams argues that Rantaza cannot demonstrate she is entitled to absolute immunity, and therefore, Defendants' *Motion* should be denied in its entirety. (Doc. 41 at 7-9.)

## II.     Rule 12(b)(6) Legal Standard

In *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014), the Supreme Court explained "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S. Ct. at 346-47 (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 555 [550] U.S. at 556, 127 S. Ct. at 1965.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

More recently, in *Thompson v. City of Waco, Tex.*, 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion for dismissal:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff ... To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff state a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502–03 (citations and internal quotations omitted).

### III. Analysis

#### A. Sovereign Immunity

In the operative motion to dismiss, the State Defendants' seek dismissal of the § 1983 claims against Defendants in their official capacity on the grounds that the State is not a "person" under § 1983. (Doc. 39-1 at 5.) In opposition, Plaintiff argues that Defendants waived their sovereign immunity in regards to the official capacity § 1983 claims by removing this case to federal court. (Doc. 41 at 3.)

The Eleventh Amendment of the United States Constitution prevents a state from being sued in federal court by its own citizens, citizens of other states, and foreign nations. U.S. Const. amend. XI; *Hans v. Louisiana*, 10 S.Ct. 504 (1890). "A state's immunity from suit is not absolute, and the Supreme Court has recognized a handful of circumstances in which an individual may sue a state in federal court." *Union Pacific R.R. Co. v. Louisiana Public Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999)). There are two circumstances in which Eleventh Amendment immunity may be waived. "First, Eleventh Amendment immunity may be abrogated by Congress as a means of enforcing the Fourteenth Amendment." *Id*. "Second, a state may waive its immunity by voluntarily consenting to suit." *Id.* (citing *Coll. Sav. Bank*, 527 U.S. 666, 670, 119 S.Ct. 2219; *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005)). As it pertains to this second circumstance, a state may waive its sovereign immunity by "voluntarily invoke[ing] federal court-jurisdiction or if it makes a 'clear declaration' that it intends to submit to federal jurisdiction." *Id.* (citing *Coll. Sav. Bank*, 527 U.S. 666, 675-76, 119 S.Ct. 2219).

This case centers around the second exception—specifically, whether the State of Louisiana waived its Eleventh Amendment immunity by removing this suit to federal court. In *Lapides,* the Supreme Court "agreed to decide whether a state waives its Eleventh Amendment immunity by its affirmative litigation conduct when it removes a case to federal court[,]" at least in "the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings." *Lapides,* 535 U.S. at 617, 122 S.Ct. at 1643 (quotations and alterations omitted). The Court concluded that "the State's action joining the removing of this case to federal court waived its Eleventh Amendment immunity[.]" *Id.,* 535 U.S. at 624, 122 S.Ct. at 1646. The *Lapides* Court further explained: "where a State voluntarily becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment." *Id.*, 535 U.S. at 619, 122 S.Ct. at 1644 (quoting *Gunter v. Atlantic Coast Line R. Co.,* 200 U.S. 273, 284, 26 S.Ct. 252, 50 L.Ed. 477 (1906) (emphasis added by *Lapides*)).

Although *Lapides* was limited to state-law claims, the Fifth Circuit in *Meyers ex rel. Benzing* extended the waiver of sovereign immunity by removal of private suits by the state on federal law claims constitutes a valid waiver of the state's sovereign immunity. *Meyers ex rel. Benzing*, 410 F.3d at 248; *see also Skinner v. Gragg*, 650 F. App'x 214, 218 (5th Cir. 2016). Further, the Fifth Circuit has applied this removal principal to § 1983 claims. *Spooner v. Jackson*, 251 F. App'x 919, 924 (5th Cir. 2007). Therefore, Louisiana's removal of this suit to federal court constitutes a waiver of its sovereign immunity.

However, the inquiry does not end there because in *Meyers ex rel. Benzing* the Fifth Circuit recognized that "a sovereign enjoys two kinds of immunity that it may choose to waive or retain separately—immunity from suit and immunity from liability." *Id.* at 252–53. The Fifth Circuit

found "that the Constitution permits and protects a state's right to relinquish its immunity from suit while retaining its immunity from liability, or vice versa, but that it does not require a state to do so." *Id.* at 255. Ultimately in *Meyers* the Court found that Texas waived its *immunity from suit* in federal court by removing a case involving state and federal claims from state court to federal court. *Id.* at 256. However, the Court left the question of whether Texas waived its *immunity from liability* to be further determined "according to that state's law." *Id.* at 255.

The Fifth Circuit further clarified *Meyers* on rehearing by stating, "[w]hen a State removes to federal court a private state court suit based on a federal-law claim, it invokes federal jurisdiction and thus waives its unqualified right to object peremptorily to the federal district court's jurisdiction on the ground of state sovereign immunity." *Meyers ex rel Benzing v.* Texas, 454 F.3d 503 (5th Cir. 2006) *aff'g on reh'g*, 410 F.3d 236. However, the Court clarified, "that waiver does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the federal courts." Therefore, Louisiana's removal to federal court waived its immunity *from suit* in regards to the official capacity § 1983 claims, but the State may still prove that it has immunity *from liability* on these claims.

### B. Are the Louisiana Department of Public Safety and Corrections and the Louisiana Board of Parole "persons" under 42 U.S.C. § 1983?

Having found that the State has waived its Eleventh Amendment immunity by voluntarily removing this suit to federal court, the Court must now determine whether the Department of Public Safety and Corrections and the Louisiana Board of Parole are "persons" within the meaning of 42 U.S.C. § 1983.

"Section 1983 provides a private right of action for damages to individuals who are deprived of 'any rights, privileges, or immunities' protected by the Constitution or federal law by

8

any 'person' acting under the color of state law." *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (quoting 42 U.S.C. § 1983). "The Supreme Court has 'held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted.'" *Med. RX/Sys., P.L.L.C. v. Texas Dep't of State Health Servs.,* 633 F.App'x 607, 610 (5th Cir. 2016) (citing *Lapides*, 535 U.S. at 617, 122 S.Ct. 1640). "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'" *Id.* (citing *Howlett v. Rose*, 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). Thus, Plaintiff's § 1983 claims are barred against Defendants in their official capacity as they are not considered "persons" within the meaning of 42 U.S.C. § 1983.

### C. Absolute Immunity

Having found that Plaintiff's claims against Defendants in their official capacity are barred, the Court now turns to the Plaintiff's claims against Defendant Rantaza in her individual capacity. Again, Defendants maintain that Rantaza is entitled to absolute immunity. Plaintiff denies this.

In short, the Court finds that Defendants' motion should be granted. This Court previously found Defendant Rantaza entitled to absolute immunity in her individual capacity as a matter of state law. (*See* Doc. 42.) Plaintiff has not shown that this ruling was in error. Further, in that earlier ruling, this Court also found that state law looks to federal law on the issue of absolute immunity as the Louisiana Court of Appeals for the First Circuit reiterated that "Louisiana jurisprudence on judicial immunity mirrors the federal doctrine." (*See* Doc. 42 at 5; *see also Palowsky, III. v. Campbell*, 2016 CA 1221 (La. App. 1 Cir. 6/4/2018); 2018 WL 1755875, at *13 (citing *Viator v. Miller*, 04-1199 (La. App. 3 Cir. 4/27/05); 900 So. 2d 1135, 1140)). Thus, for the same reasons

9

given in the prior ruling, the Court finds that, as a matter of federal law, Defendant Rantaza is entitled to absolute immunity on Williams' federal law claims.

IV. Conclusion

Accordingly,

**IT IS ORDERED** that the *Rule 12(b)(6) Motion to Dismiss* (Doc. 39) is **GRANTED**. Plaintiff Jonas Williams' federal law claims against the Defendants, Department of Public Safety and Corrections Secretary James LeBlanc, Department of Public Safety and Corrections Deputy Secretary Col. Kevin Reeves, and Louisiana Board of Parole Chairman Sheryl Rantaza, including all claims arising under 42 U.S.C. § 1983, are **DISMISSED WITH PREJUDICE;**

**IT IS FURTHER ORDERED** that, given the numerous prior amendments and futility of further amendments, no leave to amend these claims will be granted;

**IT IS FURTHER ORDERED** that, for the same reasons provided above, and for the reasons provided in the Court's prior ruling (Doc. 11), the Court will *sua sponte* **DISMISS WITH PREJUDICE** the federal claims against Defendants State of Louisiana and the Board of Parole of the Department of Public Safety and Corrections; and

**IT IS FURTHER ORDERED** that, because all federal claims have been dismissed, the Court will decline to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims, which are hereby **DISMISSED WITHOUT PREJUDICE.**

Signed in Baton Rouge, Louisiana, on February 28, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**